# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 3, 2012

No. 11-51080
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS GUSTAVO BARAHONA-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1401-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Carlos Gustavo Barahona-Hernandez (Barahona) appeals the 41-month sentence imposed following his guilty plea conviction for illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326. Barahona argues that his within-guidelines sentence is substantively unreasonable because it exceeds the time necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Barahona argues that the district court erred, in part, by failing to properly account for the lack of an empirical basis to support the illegal reentry

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guideline, the double-counting of his prior convictions in the calculation of his offense level and criminal history score, and the age of his prior convictions. He further argues that his illegal reentry was mitigated by his personal history and characteristics, which the district court failed to accord proper weight.

Because Barahona's sentence was within the properly calculated guidelines range of 41 to 51 months of imprisonment, it is entitled to a presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

This court has rejected the argument that § 2L1.2's lack of empirical basis and double counting of convictions in the calculation of a defendant's offense level and criminal history score necessarily render a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Barahona also argues that his within-guidelines sentence should not be entitled to a presumption of reasonableness because the illegal reentry Guideline, § 2L1.2, is not empirically supported. He concedes that this argument is foreclosed by this court's precedent, *see Duarte*, 569 F.3d at 530, but raises this issue to preserve it for further review.

The record reflects that the district court heard the mitigating evidence offered by Barahona and considered it when determining his sentence. The district court took into account the fact that Barahona's prior convictions were from 1996 and that he had positive attributes, including employment, in determining that the bottom of the guidelines range, 41 months, was sufficient. Therefore, Barahona has failed to demonstrate that the district court did not give the proper weight to any particular § 3553(a) factor or that his sentence "represents a clear error of judgment in balancing sentencing factors." *Cooks*,

No. 11-51080

589 F.3d at 186.  Thus, he has failed to rebut the presumption of reasonableness that is accorded to his within-guidelines sentence.  *See id.*

The judgment of the district court is AFFIRMED.